UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KHALID CALDWELL SAT,

          Plaintiff,

v.

DIAMOND D. CLAY,

          Defendant.

Case No. 3:24-cv-985-AR

**ORDER TO AMEND**

**ARMISTEAD, Magistrate Judge**

      Plaintiff Khalid Caldwell Sat, representing himself, filed this lawsuit on June 21, 2024, against defendant Diamond D. Clay. Although Sat alleges that this court has both diversity and federal question jurisdiction over this case, he fails to provide facts supporting jurisdiction on either basis. (Compl. at 3, ECF No. 1.) He also fails to describe the events underlying his claims, besides indicating that this lawsuit relates to a car accident. (*See id.*; Civil Cover Sheet at 1, ECF No. 1-1.) Sat must therefore file an amended complaint with additional facts to avoid dismissal

Page  1  – ORDER TO AMEND

of his lawsuit.

## LEGAL STANDARD

The court screens cases when a plaintiff is proceeding without prepayment of fees based on an inability to pay them—that is, when a plaintiff proceeds *in forma pauperis.* For *in forma pauperis* cases, Congress directs that "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The court's screening obligation includes determining whether a plaintiff's claims are capable of being tried by this court, or in other words, are cognizable claims.[1]

The court is generous in construing the pleadings of self-represented plaintiffs, giving the plaintiff the benefit of doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't*

---

[1] *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

Page 2 – ORDER TO AMEND

*of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## DISCUSSION

A.  *Subject Matter Jurisdiction*

The United States Constitution and federal law allow only certain kinds of cases in federal court. That limited authority of a federal court is known as its **subject matter jurisdiction**, and, if a federal court does not have subject matter jurisdiction for a case, the court must dismiss it (in other words, put the case out of its consideration). *See Adkison v. C.I.R.*, 592 F.3d 1050, 1055 (9th Cir. 2010) (subject matter jurisdiction "refers to a tribunal's power to hear a case"). The two kinds of cases for which a federal court has jurisdiction are (1) "federal question" cases and (2) "diversity of citizenship" cases. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This limited jurisdiction is different from Oregon circuit courts, which have subject matter jurisdiction over all actions unless a statute or law divests them of jurisdiction. *Owen v. City of Portland*, 368 Or. 661, 684 (2021) ("Oregon circuit courts 'ha[ve] general jurisdiction, to be defined, limited, and regulated by law in accordance with th[e Oregon] Constitution.' Or Const, Art VII (Original), § 1."). Here, Sat alleges both federal question and diversity jurisdiction.

To establish **federal question jurisdiction**, a plaintiff must plead that defendants have violated a **federal constitutional** or **statutory provision**. 28 U.S.C. § 1331; *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (The "party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). Here, Sat has not

Page  3  – ORDER TO AMEND

indicated the legal bases for his claims. (*See* Compl.) If Sat's claims do not arise under federal law, this court does not have federal question jurisdiction over his case.

To establish **diversity jurisdiction**, a plaintiff must plausibly allege that **damages are more than $75,000, that he is a citizen of one state, and that all the defendants are citizens of other states**. 28 U.S.C. § 1332(a). Sat alleges that he is a citizen of Oregon but has not alleged Clay's citizenship. (Civil Cover Sheet at 1; Compl. at 3.) If Clay is also a citizen of Oregon, this court does not have diversity jurisdiction over Sat's case. Further, although Sat seeks $900,000 in damages (Civil Cover Sheet at 1), he provides no facts demonstrating that he is plausibly entitled to damages in that amount.

If Sat wishes to proceed with this action in federal court, he must submit an amended complaint with enough information to show that this court has either diversity jurisdiction or federal question jurisdiction over his case.

B.     *Sufficiency of Factual Allegations*

A complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). A "complaint must provide sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (simplified). The factual allegations must "plausibly suggest an

Page 4 – ORDER TO AMEND

entitlement to relief." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

As currently alleged, Sat's Complaint does not satisfy Rule 8. The Complaint does not specify the legal claims Sat is bringing, nor does it provide any factual allegations to support those claims. The only description of his claims that Sat has provided is that they stem from a car accident. (Civil Cover Sheet at 1.) To proceed with this lawsuit, Sat must provide a factual description of Clay's conduct that underlies his claims. Specifically, Sat should:

> Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that [you are] entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused [you] harm or violated [your] rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.

Complaint for Employment Discrimination at 4, Civil Pro Se Form 7, available at

https://www.uscourts.gov/forms/civil-pro-se-forms.

**C.**     ***Application to Proceed in Forma Pauperis***

The court defers ruling on Sat's IFP application until an amended complaint is filed.

Page  5  – ORDER TO AMEND

## CONCLUSION

To avoid dismissal of his lawsuit, Sat must file an AMENDED COMPLAINT within 30 days of the date of this ORDER. That is, Sat has until August 16, 2024, to file his AMENDED COMPLAINT, which should include sufficient factual detail to (1) show that this court has subject matter jurisdiction over this case, and (2) show that Sat is plausibly entitled to relief. If Sat fails to respond to this ORDER by August 16, 2024, the court may dismiss this action. The court DEFERS ruling on Sat's application to proceed *in forma pauperis* (ECF No. 2).

DATED: July 17, 2024

_____
JEFF ARMISTEAD
United States Magistrate Judge