**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **KHALID CALDWELL SAT**,<br><br>Plaintiff,<br><br>v.<br><br>**DIAMOND D. CLAY**,<br><br>Defendant. | Case No. 3:24-cv-985-AR<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jeff Armistead issued Findings and Recommendation in this case on August 18, 2026. Judge Armistead recommended that this Court deny Plaintiff Sat's Motion for Extension of Time, grant Defendant Clay's Motion for Judgment on the Pleadings, and dismiss Defendant's personal injury claim with prejudice. No party has filed objections.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

With no party having made objections, the Court follows the recommendation of the Advisory Committee and reviews Judge Armistead's Findings and Recommendation for clear error on the face of the record. No such error is apparent.[1]

The Court ADOPTS Judge Armistead's Findings and Recommendation. ECF 23. The Court DENIES Plaintiff Sat's Motion for Extension of Time. ECF 20. The Court GRANTS Defendant Clay's Motion for Judgment on the Pleadings. ECF 14. The Court DISMISSES Plaintiff Sat's claim with prejudice.

---

[1] Defendant did not waive the defense of service of process as she included the affirmative defenses of statute of limitations, insufficient service of process, and personal jurisdiction in her answer to Plaintiff's amended complaint. Answer ¶¶ 4-6 (ECF 11). *See Crownover by Crownover v. Phillips*, 15 F.3d 1084 (9th Cir. 1993) (unpub) ("The defense of insufficient service of process is waived unless it is raised in the defendant's first responsive pleading.").

The Court further finds that any appeal from this Order would be "frivolous" as that term is used in 28 U.S.C. § 1915(e)(2) and thus would not be taken in "good faith" as that term is used in the statute. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, Plaintiff's *in forma pauperis* status should be revoked.

**IT IS SO ORDERED.**

DATED this 14th day of September, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge